[No. 4312.  Decided August 11, 1902.]

WHITE CREST CANNING COMPANY, *Appellant,* v. E. A.
SIMS *et al., Respondents.*

APPEAL — SUFFICIENCY OF BOND — OBLIGEES.

An appeal bond is not nugatory because it runs to the sure-
ties on plaintiff's cost bond as well as to the respondents, where
it is conditioned to satisfy and perform the judgment on appeal,
and is therefore ample to protect the rights of respondents.

SAME — SURETY AS BOTH OBLIGEE AND OBLIGOR.

The fact that an appeal bond was signed by one of the
obligees named therein would not render it void, provided it
had another and a sufficient surety thereon.

DISMISSAL OF APPEAL — CESSATION OF CONTROVERSY.

An appeal will not be dismissed on the ground of a cessa-
tion of the controversy, where the record merely shows that the
controversy could have ceased, not that it has actually done so.

Appeal from Superior Court, Island County.—Hon.
GEORGE C. HATCH, Judge.  Motion to dismiss appeal de-
nied.

*Kerr & McCord,* for appellant.

*A. W. Buddress,* for respondents.

PER CURIAM.—This is an appeal from a judgment
entered in an action triable *de novo* in this court.  The re-
spondents, in their answering brief, moved to dismiss the
appeal, and to strike the statement of facts and certain
other parts of the record.  Subsequently, they noted these
motions for hearing on a motion day, at which time they
were heard and the motions submitted.  The grounds of the
motion to dismiss are two, namely, that the bond is in-
sufficient, and that the controversy has ceased.  The ob-
jections to the bond are that it runs to the sureties upon
the appellant's (plaintiff's) cost bond in the lower court,

as well as to the respondents; and further that it is signed as surety by one of the persons to whom the bond runs. These objections are without merit. The judgment appealed from, it is true, was against the appellant and the sureties on its cost bond, and it was unnecessary, for that reason, that the appeal bond should run to the sureties; but it is conditioned to satisfy and perform the judgment of this court, and is therefore ample to protect the rights of the respondents. The fact that it runs to others than the necessary obligees does not render it nugatory as a bond. Nor is it void because signed by one of the obligees named therein. We have held that a bond executed by the parties against whom the judgment was entered was insufficient to sustain an appeal, but that is not the question here. There was another and a sufficient surety on this bond, and what we hold is that an otherwise valid appeal bond is not rendered nugatory merely because it is signed by one who is bound by the judgment.

The most the record shows on the second ground of the motion is that the controversy could have ceased since the taking of the appeal, not that it has actually ceased. This is not sufficient to warrant a dismissal. *Wood v. Seattle,* 23 Wash. 1 (62 Pac. 135, 52 L. R. A. 369).

The motion to strike the statement and certain parts of the record, as we are at present advised, will not, if granted, determine the appeal. We will not, therefore, at this time determine the questions, but will consider them when the cause is submitted upon its merits. The motion to dismiss is denied.